**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**TONY WILLIAMS,**

> **Plaintiff,**

**v.**                                                    **Case No.:**

**BEYMARK, INC.,**

> **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tony Williams, by and through Plaintiff's undersigned counsel, hereby brings this action against Defendant, Beymark, Inc., and states:

## NATURE OF THE CLAIMS

1.     This is an action for damages for violations the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3.     Venue is proper in the Middle District of Florida, because Defendant operates its facilities for business in this district.

## THE PARTIES

4.     Plaintiff is a resident of Pasco County, Florida.

5.     At all times material hereto Defendant transacted business and performed services in this Judicial District.

## GENERAL ALLECTIONS

6.     This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the ADA and the FCRA, and retaliated against Plaintiff for attempting to exercise these same rights.

7.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

8.     At all times material hereto, Defendant employed fifteen (15) or more employees.  Thus, Defendant is an "employer" within the meaning of the ADA.

9.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

10.     Plaintiff has satisfied all conditions precedent, or they have been waived.

11.     Plaintiff requests a jury trial for all issues so triable.

## STATEMENT OF FACTS

12.      Plaintiff began working for Defendant on or around February 3, 2020 as a Retail Salesperson.

13.     While employed with Defendant, Plaintiff satisfactorily performed the job requirements of his position.

14.     After terminating Plaintiff, his supervisor, Roderick, told Plaintiff, "It was great working with you."

15.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

16.     Specifically, Plaintiff experienced thyroid cancer and a back injury.

17.     At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

18.     Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

19.     Plaintiff's disability also qualified as a handicap under the FCRA, and as such, Plaintiff is a member of a protected class under the FCRA.

20.     Plaintiff requested a reasonable accommodation for his disabilities, including permission to not sit or stand for long periods of time and to allow him to be excused from work to have his surgery and recovery.

21.     The accommodations Plaintiff requested were approved by Plaintiff's original supervisor, Paul.

22.     However, after disclosing his disabilities and gaining approval of his requested accommodations from his original supervisor, Defendant changed Plaintiff's supervisor to Roderick, who refused to approve Plaintiff's accommodations.

23.     Plaintiff underwent surgery in February 2020.

24.     Plaintiff thereafter requested time off in relation to his disabilities.

25.     On or about March 9, 2020, Plaintiff requested time off and his supervisor, Roderick, responded with "Hey Tony, I totally understand the back issue but this is what we talked about this weekend. Mondays and Fridays are mandatory plus you are scheduled for the morning shift. Tony, you're a great guy but I don't think this is the best fit for you."

26.     Plaintiff was terminated on or about March 9, 2020, as a result of his serious health conditions, for attempting to exercise his rights under the FMLA, because of Plaintiff's disability, and/or in retaliation for his request for a reasonable accommodation.

## COUNT I — ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27.     Plaintiff realleges and readopts the allegations of Paragraphs 1-6, 8, and 10-26 of this Complaint, as though fully set forth herein.

28.     Plaintiff is disabled, or was perceived by Defendant as being disabled.

29. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

30. Defendant's actions were willful and done with malice.

31. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j)    For such further relief as this Court deems just and equitable.

## COUNT II – ADA RETALIATION

32.    Plaintiff realleges and readopts the allegations of paragraphs 1-6, 8, and 10-26 of this Complaint, as though fully set forth herein.

33.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34.    Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

35.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

36.    Defendant's actions were willful and done with malice.

37.    The adverse employment action that Defendant took against Plaintiff was material.

38.    Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

c)    That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

6

d)   That this Court enter an injunction restraining continued violation of the ADA;

e)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)   Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)   Any other compensatory damages, including emotional distress, allowable at law;

i)   Punitive damages;

j)   Prejudgment interest on all monetary recovery obtained.

k)   All costs and attorney's fees incurred in prosecuting these claims; and

l)   For such further relief as this Court deems just and equitable.

## COUNT III — FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

39.   Plaintiff realleges and readopts the allegations of Paragraphs 1-6, 9, and 10-26 of this Complaint, as though fully set forth herein.

40.   Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

41.     Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

42.     Defendant's actions were willful and done with malice.

43.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issues and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of  the law enumerated herein;

d)     Compensation for lost wages, benefits, and other remuneration;

e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)     Compensatory damages, including emotional distress, allowable at law;

g)     Punitive damages;

h)     Prejudgment interest on all monetary recovery obtained;

i)     All costs and attorney's fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

44.    Plaintiff realleges and readopts the allegations of paragraphs 1-6, 9, and 10-26 of this Complaint, as though fully set forth herein.

45.    Plaintiff is a member of a protected class under the FCRA.

46.    Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

47.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

48.    Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

49.    Defendant's actions were willful and done with malice.

50.    Defendant took material adverse action against Plaintiff.

51.    Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d)   Compensation for lost wages, benefits, and other remuneration;

e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f)   Front pay;

g)   Any other compensatory damages, including emotional distress, allowable at law;

h)   Punitive damages;

i)   Prejudgment interest on all monetary recovery obtained.

j)   All costs and attorney's fees incurred in prosecuting these claims; and

k)   For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

DATED this 16th day of December 2021.

Respectfully submitted,

/s/Brandon J. Hill
**BRANDON J. HILL**
Florida Bar Number: 0037061

10

Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**